**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>**ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL 61710-0001**<br>**Plaintiff,**<br><br>**v.**<br><br>**PALMETTO LIGHTREACH RESIDENTIAL PRODUCTS HOLDINGS LLC**<br>**1616 CAMDEN ROAD, SUITE 300**<br>**CHARLOTTE, NC 28203**<br>**and**<br>**TRINITY SOLAR LLC**<br>**2211 ALLENWOOD ROAD**<br>**WALL TOWNSHIP, NJ 07719,**<br>**Defendants.** | **CIVIL ACTION NO.:** |

## COMPLAINT

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendants, Palmetto LightReach Residential Products Holdings LLC, and Trinity Solar, LLC (collectively "Defendants"), complaining against them as follows:

## PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – homeowner insurance to Jennine Rossini ("subrogor") in connection with her residential property at 1673 Newport Avenue in Northampton, Pennsylvania ("subject property").

4. As a result of claims made on said policy in connection with the below-described incident, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims asserted via this action.

5. Upon information and belief, Defendant Palmetto LightReach Residential Products Holdings LLC ("Palmetto") – a full-service, licensed dealer that designs, engineers, installs, and maintains photovoltaic solar systems – is a North Carolina limited-liability company with its principal place of business at the above-captioned address.

6. Upon information and belief, Defendant Trinity Solar LLC ("Trinity") – a full-service, licensed dealer that designs, engineers, installs, and maintains photovoltaic solar systems – is a New Jersey limited-liability company with its principal place of business at the above-captioned address.

7. Upon further information and belief, Defendants were at all relevant times engaged in the business of (*inter alia*) designing, engineering, supplying, installing, inspecting, servicing, maintaining, and/or repairing photovoltaic solar-energy systems for residential customers.

8. Upon further information and belief, Defendants performed such services and/or supplied such equipment in connection with the subject property, thereby creating what will hereinafter be referred to as "the system."

## JURISDICTION AND VENUE

9. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and countries; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

10. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

11. Plaintiff incorporates the facts and allegations stated in the foregoing paragraphs as though fully restated here.

12. Upon information and belief, pursuant to a contract, subrogor retained LightReach to install solar panels at the subject property.

13. Upon information and belief, Trinity subsequently delivered and installed the solar panels at the subject property pursuant to a subcontract with LightReach of which subrogor was an intended third-party beneficiary.

14. Defendants were at all relevant times the solar-panel-system professionals retained to sell, select, design, assemble, install, inspect, maintain, and/or service equipment associated with a residential photovoltaic solar system at the subject property ("the system").

15. On or about August 25, 2025, a fire occurred at the subject property.

16. Investigation into the cause of the fire revealed that it resulted from Trinity's employee/agent/servant/subcontractor having drilled through an energized electrical line in the course of installing the system.

17. Thus, as a direct and proximate result of Defendants' negligent and standard-non-compliant acts and/or omissions, and/or breach(es) of the above-mentioned contracts, Defendants – by and through their respective employees, agents, servants, and/or subcontractors – damaged electrical wiring associated with the system, resulting in the ignition of a fire at the subject property.

18. The fire caused subrogor to suffer property damages, as well as to incur additional expenses and other harms besides (including the loss of use of the property.)

**COUNT I – NEGLIGENCE v. LIGHTREACH & TRINITY**

19. Plaintiff incorporates the facts and allegations stated in the foregoing paragraphs as though fully restated here.

20. The aforementioned damages were the direct and proximate result of the negligence and/or standard-non-compliance of Defendants – including negligent acts and/or omissions as performed by and through their respective employees, agents, servants, and/or subcontractors – more specifically described as follows:

(a) failing to exercise reasonable care in the performance of their undertaken duties in selling, selecting, designing, assembling, installing, inspecting, maintaining, and/or servicing the system, including but not limited to negligently …

i. failing to sell, select, design, assemble, install, inspect, maintain, and/or service the system in a safe and appropriate manner;

ii. failing to ensure that proper techniques were used and necessary protection equipment was used and safety procedures when it sold, selected, designed, assembled, installed, inspected, maintained, and/or serviced the system;

iii. failing to properly monitor the work of all agents, servants, subcontractors, and/or employees in the course of selling, selecting, designing, assembling, installing, inspecting, maintaining, and/or servicing of the system so as to ensure compliance with applicable and necessary safety standards.

(b) failing to adequately instruct, supervise, and/or train servants, employees, subcontractors, and/or agents as to the proper ways to perform the tasks described in subparagraph (a);

(c) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as described in subparagraph (a);

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure standard-compliant performance of the tasks described in subparagraph (a);

(e) failing to perform the tasks described in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, subcontractors, employees, or servants to perform the tasks described in subparagraph (a); and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Defendants' undertakings at the subject property.

21. As a direct and proximate result of such negligent and/or standard-non-compliant acts and/or omissions, the fire occurred; subrogor thus sustained and incurred damage to the subject property, as well as the imposition of additional expenses and other harms besides, in an amount in excess of $260,000.00.

22. To the extent such damages were covered pursuant to the terms and conditions of subrogor's above-described policy, Plaintiff paid such claims consistent therewith; Plaintiff thereby became subrogated to recover on such damages via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally, and/or in the alternative – in an amount in excess of $260,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court might deem appropriate under the circumstances.

**COUNT II – BREACH OF CONTRACT v. LIGHTREACH & TRINITY**

23. Plaintiff incorporates the facts and allegations stated in the foregoing paragraphs as though fully restated here.

24. Based upon the contract existing between subrogor and LightReach, as well as the subcontract existing between LightReach and Trinity – of which subrogor was an intended third-party beneficiary – Defendants expressly and/or impliedly promised that the activities they

respectively undertook in connection with the installation of solar panels would be done in a good and workmanlike manner, consistent with the express and implied terms of said contract, and conducive to creating a habitable property.

25. If it either of them had been reduced to writing, Plaintiff is not currently in possession of a copy of either the primary contract or the subcontract; however, it believes that Defendants are in possession thereof, or that Defendants have superior access thereto (compared with Plaintiff), and therefore neither Defendant is prejudiced by Plaintiff's inability to append a copy of either contract hereto.

26. Pursuant to the contract, Defendants were impliedly and/or expressly obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all such industry standards, customs and practices.

27. Based upon the facts and allegations stated herein, Defendants breached the above-described contracts.

28. Subrogor performed all conditions precedent to recover based upon such contractual breaches.

29. As a direct and proximate result of Defendants' contractual breaches, subrogor suffered the herein-described property damages, as well as the imposition of additional expenses and other harms besides, in an amount in excess of $260,000.00; to the extent such damages were covered pursuant to subrogor's insurance policy, Plaintiff became subrogated to recover thereon.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally, and/or in the alternative – in an amount in excess of $260,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court might deem appropriate under the circumstances.

**COUNT III – BREACH OF IMPLIED WARRANTIES v. LIGHTREACH AND TRINITY**

30. Plaintiff incorporates the facts and allegations stated in the foregoing paragraphs as though fully restated here.

31. In furtherance of the herein-described services Defendants performed, they impliedly warranted that all work would be done in a reasonably workmanlike manner, and/or with quality workmanship, so as to create a habitable property.

32. Based upon the herein-described improper acts and/or omissions by Defendants (by and/or through their respective servants, employees, subcontractors and/or agents as described above), Defendants breached these warranties.

33. Subrogor performed all conditions precedent to recover based upon such breaches.

34. As a direct and proximate result of Defendants' contractual breaches, subrogor suffered the herein-described property damages, as well as the imposition of additional expenses and other harms besides, in an amount in excess of $260,000.00; to the extent such damages were covered pursuant to subrogor's insurance policy, Plaintiff became subrogated to recover thereon.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally, and/or in the alternative – in an amount in excess of $260,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court might deem appropriate under the circumstances.

**de LUCA LEVINE LLC**

BY: __*/s/ Daniel J. de Luca*____________

DANIEL J. de LUCA,
Attorneys for Plaintiff
PA ATTY I.D. NO.: 74727
301 E. Germantown Pike, Suite 300
East Norriton, PA 19401
Ph: 215-383-0081
Fx: 215-383-0082
ddeluca@delucalevine.com

**Dated:** October 16, 2026